UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
KELLY TOBUCK,                                       :
                                    Plaintiff,      :
                                                    :          23 Civ. 1356 (LGS)
                      -against-                      :
                                                    :          **OPINION AND ORDER**
DAVID C. BANKS, et al.,                             :
                                    Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

Plaintiff Kelly Tobuck brings this action under the Individuals with Disabilities

Education Act ("IDEA") on behalf of herself and her child, K.T., against Defendants the New

York City Department of Education ("DOE") and David C. Banks, in his official capacity as

Chancellor of the DOE.  Plaintiff challenges a decision by the State Review Officer ("SRO")

denying payment of tuition and related services for K.T.'s private school placement during the

2022-2023 school year, the school year after K.T. turned twenty-one years old.  The parties filed

cross-motions for summary judgment.  For the following reasons, Defendants' motion for

summary judgment is granted in part, except to the extent it seeks to prevent Plaintiff from

vindicating K.T.'s right to his compensatory education award.  Plaintiff's motion for summary

judgment is denied in part, except Plaintiff is granted leave to amend the Complaint to seek

enforcement of the compensatory education award.

I.    **BACKGROUND**

      **A.  The IDEA**

      The IDEA requires that states receiving federal special education funding provide

disabled children with a free appropriate public education ("FAPE") through age twenty-one.

*See* 20 U.S.C. § 1412(a)(1)(A).  New York law provides for IDEA eligibility through the end of

a school year in which a student turns twenty-one.  *See* N.Y. Educ. Law § 4402(5).  "The IDEA also requires that school districts create an individualized education program ("IEP") for each qualifying child."[1]  *W.A. v. Hendrick Hudson Cent. Sch. Dist.*, 927 F.3d 126, 133 (2d Cir. 2019). An IEP is a "written statement that sets out the child's present educational performance, establishes annual and short-term objectives for improvements in that performance, and describes the specially designed instruction and services that will enable the child to meet those objectives."  *Id.*

Under the IDEA, a parent may raise the failure to provide a FAPE or challenge an IEP by filing a due process complaint, which initiates administrative proceedings beginning with a hearing before an Impartial Hearing Officer ("IHO").  *See* 20 U.S.C. §§ 1415(b)(6)(A), (f)(1)(A); *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 239 (2d Cir. 2015) (citing N.Y. Educ. Law § 4404(1)).  An IHO's decision may be appealed to an SRO.  *See W.A.*, 927 F.3d at 133, 146. Following a decision by an SRO, "[t]he IDEA permits a dissatisfied party to challenge an SRO's decision in state or federal court."  *Bd. of Educ. of Yorktown Cent. Sch. Dist. v. C.S.*, 990 F.3d 152, 164 (2d Cir. 2021) (citing 20 U.S.C. § 1415(i)(2)(A)).

If a parent believes that the DOE has failed to provide a FAPE to his or her child, the parent "may enroll the child in a private school at their own financial risk and seek retroactive reimbursement from the school district for the cost of the private school."  *W.A.,* 927 F.3d at 133. During a proceeding regarding the alleged failure to provide a FAPE, the IDEA's "pendency" provision requires a school district to continue funding the student's educational placement that was last agreed upon until the relevant administrative and judicial proceedings are complete.  *See*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

20 U.S.C. § 1415(j); *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 170-71 (2d Cir. 2014). This obligation exists regardless of the merit of the challenge or the outcome of the proceedings. *See Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 161 (2d Cir. 2004) ("Section 1415(j) represents Congress' policy choice that all handicapped children, regardless of whether their case is meritorious or not are to remain in their current educational placement until the dispute with regard to their placement is ultimately resolved.").

One remedy for the DOE's failure to provide a FAPE is compensatory education. "Compensatory education is prospective equitable relief, requiring a school district to fund education beyond the expiration of a child's eligibility as a remedy for any earlier deprivations in the child's education. In other words, compensatory education aims to make up for educational services the child should have received in the first place." *Doe v. E. Lyme Bd. of Educ.,* 962 F.3d 649, 659 (2d Cir. 2020). If the student is over age twenty-one, an award of compensatory education requires a finding of a gross violation of the IDEA. *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 456 n.15 (2d Cir. 2015); *Doe ex rel. Doe v. E. Lyme Bd. of Educ.*, No. 11 Civ. 291, 2020 WL 7078727, at *19 (D. Conn. Dec. 3, 2020).

### B. Factual Background

The following summary is taken from the parties' Joint Statement of Undisputed Facts, the administrative record and documents appended to the Complaint in this action.

K.T. is a student with multiple disabilities under the IDEA. He is diagnosed with cerebral palsy, a seizure disorder, an intellectual disability and visual deficits. These diagnoses adversely impact K.T.'s educational performance. K.T. had his twenty-first birthday during the 2021-2022 school year.

**1. The 2021 Findings of Fact and Decision Ordering Compensatory Education**

In August 2020 and April 2021, Plaintiff filed due process complaints alleging that the DOE had denied K.T. a FAPE from the beginning of the 2018-2019 school year to the time of the administrative proceeding in 2021.  On July 19, 2021, IHO James Polk issued a Findings of Fact and Decision (the "2021 FOFD"), finding that the school district had denied K.T. a FAPE for the 2018-19, 2019-20 and 2020-21 school years.  IHO Polk found that, over a period of years, K.T. had been placed with other children whose disabilities did not match his own, causing him to regress, and that he had not been provided the means to communicate even basic discomforts or misunderstandings.  IHO Polk determined that the DOE had committed "gross violations" of K.T.'s right to a FAPE.  Because of those "gross violations," the need for compensatory education was "patently obvious."  IHO Polk observed that K.T. would "turn twenty-one (21) very shortly and under the IDEA would no longer be eligible for special educational services.  However, compensatory education is an equitable [relief] that may require a school district to fund a child's education beyond their statutory eligibility."  IHO Polk concluded that K.T. was "eligible for compensatory services beyond the age of twenty-one."

IHO Polk explained that the compensatory education award "must be reasonably calculated to provide the educational benefits that likely would have accrued . . . utilizing a fact analysis of the student's current progress against the past harm and meet specifically what is required."  IHO Polk stated that "a sufficient record about the amount of compensatory education is essential in determining an award" but found that "[t]he present record does not possess such specificity."  Accordingly, the 2021 FOFD ordered that an independent educational evaluation ("IEE") be conducted "by a professional of the Parent's choosing to determine what if any

4

changes must be made to [K.T.'s] IEP as well as the extent of Compensatory Education he is to

receive to be paid for by the [DOE]."  The 2021 FOFD further ordered that K.T. "receive

Compensatory Education in an amount to be determined by [the IEE] but not to exceed three (3)

school years" and reiterated that "such education is to extend past the age of twenty-one (21) if

necessary."  The 2021 FOFD also ordered tuition reimbursement at iBrain, the private school at

which K.T. is enrolled, for the 2020-2021 school year.  The DOE did not appeal the 2021 FOFD.

In the fourth quarter of 2021, a neuropsychologist conducted the IEE as directed in the

2021 FOFD.  The IEE determined that K.T. "should remain in his current special educational

setting at iBrain for the remainder of his education **(i.e. the full three-years of compensatory**

**education awarded by [the IHO in the 2021 FOFD])**" and detailed other specific services as

part of an IEP twelve-month educational plan.  (Emphasis in original).[2]

---

[2] Defendant argues that the IEE should not be considered because, although it is attached to the
Complaint, it is not part of the administrative record.  The existence of the IEE is undisputed.  Its
content is disclosed above only for context.  It is not the basis for any holding because the
administrative decisions, like the instant opinion, did not reach the merits of Plaintiff's claims.
To the extent the IEE's recommendation is relevant, it can properly be considered as "additional
evidence" that a reviewing court "shall hear . . . at the request of a party" under the IDEA.  20
U.S.C. § 1415(i)(2)(C).  Defendants rely on a standard promulgated by the First Circuit and
followed by some district courts in this Circuit.  *See Town of Burlington v. Dep't of Educ. for
Mass.,* 736 F.2d 773 (1st Cir.1984).  But even if the Second Circuit had adopted the *Burlington*
standard, considering the IEE does not implicate the First Circuit's concerns.  *See M.B. v. N.Y.C.
Dep't of Educ.*, No. 14 Civ. 3455, 2015 WL 6472824, at *2 (S.D.N.Y. Oct. 27, 2015)
(recognizing that "the Second Circuit has yet to address the standard for admitting additional
evidence in IDEA cases" and explaining that the First Circuit requires weighing "the important
concerns of allowing a party to undercut the statutory role of administrative expertise, the
unfairness involved in one party's reserving its best evidence for trial, the reason the witness did
not testify at the administrative hearing and the conservation of judicial resources.").

### 2.      The 2022 Due Process Complaint

Based on the 2021 FOFD, K.T. had pendency at iBrain during the 2022-23 school year and was re-enrolled at iBrain for that school year.  On July 6, 2022, Plaintiff filed a due process complaint for the 2022-23 school year, alleging that the DOE had failed to provide K.T. a FAPE, that K.T.'s placement at iBrain was appropriate and that Plaintiff would seek funding for K.T.'s placement at iBrain during the 2022-23 school year.  The IHO dismissed Plaintiff's complaint and the SRO affirmed.  The upshot of these decisions was (1) because K.T. had reached the age of twenty-one, he is no longer eligible to pursue services and remedial procedures within the framework of the IDEA, and (2) any rights K.T. has arise from the 2021 FOFD and must be pursued in court in an action to enforce the FOFD.  The details are as follows:

Plaintiff's due process complaint for the 2022-23 school year was assigned to IHO Virgina Tillyard under a new case number.  On August 23, 2022, IHO Tillyard issued an interim order, ordering the DOE to fund K.T.'s placement at iBrain based on pendency.

In a written decision dated October 12, 2022, IHO Tillyard dismissed Plaintiff's due process complaint with prejudice.  She concluded that she could not grant relief on the merits for the 2022-23 school year because she lacked "jurisdiction" and "authority" to do so.  Citing prior SRO decisions, she determined in substance that the IDEA on the one hand and prospective compensatory relief on the other hand create two separate and typically non-convergent sets of rights and procedural remedies.  She found that "[a]ny obligation that the DOE has to provide educational services to [K.T.] as compensatory education during the 2022-23 school year originates only from the 2021 FOFD, not the IDEA."  As to the rights and remedies under the IDEA, HRO Tillyard found that K.T. no longer had any statutory rights under the IDEA, including the right to pursue a due process complaint; he was no longer eligible, having finished

the school year in which he turned twenty-one (the 2021-2022 school year).  She also found that

he did not qualify for extended eligibility under the IDEA framework under Chapter 223 of the

Laws of 2022 of New York State ("Chapter 223"), a recently enacted New York law designed to

compensate for the impacts of the COVID-19 pandemic.  As to K.T.'s rights and remedies under

the compensatory education award of the 2021 FOFD, IHO Tillyard stated in substance that

Plaintiff had sought the wrong relief in the wrong forum.  Plaintiff's proper remedy for non-

compliance "would be to attempt to seek enforcement of the 2021 FOFD" (instead of filing a due

process complaint) in another forum as an IHO does "not have the power . . . .  It is well settled

that a hearing officer does not have the power to enforce an earlier order of an impartial hearing

officer."

Plaintiff appealed the ruling to the New York State Education Department Office of State

Review.  On January 12, 2023, the SRO upheld the findings of the IHO in their entirety.  Like

the IHO, the SRO distinguished "between an equitable award of compensatory education . . . and

an award of extended eligibility, which extends the [school] district's [IDEA] statutory

obligation to a student."  The SRO held that the 2021 FOFD had provided Plaintiff the former

but did not extend K.T.'s eligibility under the IDEA.  The SRO further held that Chapter 223 did

not extend K.T.'s eligibility.  The SRO concluded that Plaintiff was not entitled to any further

relief under the IDEA except pursuant to pendency.  The SRO suggested that the proper forum

for Plaintiff to enforce the 2021 FOFD compensatory education award is in court, stating that

"neither IHOs nor SROs have authority to enforce prior decisions rendered by administrative

hearing officers."

On February 16, 2023, Plaintiff commenced this action, seeking to reverse the SRO's

decision and grant funding for K.T.'s placement at iBrain during the 2022-23 school year.

## II.    STANDARD

In IDEA cases, cross-motions for summary judgment proceed differently than in most other civil cases.  *See generally* Fed. R. Civ. P. 56(a).  "[A]n SRO's decision may be challenged in federal court," through a procedure that "is in substance an appeal from an administrative determination, not a summary judgment motion."  *Bd. of Educ. of Wappingers Cent. Sch. Dist. v. D.M.*, 831 F. App'x 29, 31 (2d Cir. 2020) (summary order).  On questions of law, the standard of review is de novo, as it is for other civil actions.  *C.S.*, 990 F.3d at 165.

A more deferential standard applies to other questions.  A district court "engages in an independent review of the administrative record and makes a determination based on a preponderance of the evidence.  In conducting such an independent review, courts must give due weight to the state administrative proceedings, mindful that the judiciary generally lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy."  *Id*.  This deferential standard "requires a more critical appraisal of the agency determination than clear-error review but nevertheless falls well short of complete de novo review."  *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014).  "[T]he deference owed depends on both the quality of the opinion and the court's institutional competence."  *Id*.  A district court considers "whether the decision being reviewed is well-reasoned, and whether it was based on substantially greater familiarity with the evidence and the witnesses than the reviewing court."  *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012).

## III.    DISCUSSION

As described above, the SRO's basic holding was that K.T. is no longer eligible to pursue services and remedial procedures within the framework of the IDEA, and any rights K.T. has

arise from the 2021 FOFD and must be pursued in court in an action to enforce the FOFD.  That

basic holding is adopted.  Summary judgment is granted principally to Defendants, except that

Plaintiff may file an amended complaint in this action to seek enforcement of the 2021 FOFD.

### A.     The IDEA's Statutory Rights and Enforcement Procedures Are Separate From a Compensatory Education Award and its Enforcement Procedures.

This decision defers to and adopts the SRO's determination that the IDEA's statutory

rights, and procedural mechanisms to enforce them, are distinct from equitable rights created by

a compensatory education award and its enforcement.

This conclusion is evaluated under a deferential standard of review because the issue

raises questions of educational policy and draws on the SRO's greater experience with the

interplay of the IDEA and the equitable remedy of compensatory education.  For example, as

described below, the SRO's decision discusses the unintended and undesirable consequences of

attaching the panoply of IDEA rights and procedures to an award of compensatory education.

While the question of the relationship between equitable compensatory education awards and

IDEA statutory rights is not a factual one and does not depend on the evaluation of evidence,

neither is it purely a legal question that deserves no deference.  Both the IHO and SRO have

greater "institutional competence" than this court to consider the "persistent and difficult

questions of educational policy" raised in defining the scope of rights incident to an award of

compensatory education.  *See C.S.*, 990 F.3d at 165 ("persistent and difficult . . ."); *C.F. ex rel.
R.F.,* 746 F.3d at 77 ("institutional competence").

The SRO drew a distinction between the IDEA's statutory rights and equitable rights

created by a compensatory education award.  The SRO explained, "there is a difference between

basing relief on considerations enunciated under a legislated obligation [as in the case of a

compensatory education award] and actually invoking the statutory provision."  The SRO then

reasoned that these differences result in different enforcement mechanisms.  "[C]ompensatory education is not a full extension of the IDEA itself [and t]his logic would appear to apply further to preclude the parent's access to the due process protections of the IDEA . . . ."  Instead, enforcement of a compensatory education award would need to proceed "in a forum with authority to enforce the IHO's decision[, and] neither IHOs nor SROs have authority to enforce prior decisions rendered by administrative hearing officers."

As the SRO reasoned, divorcing a compensatory education award from the enforcement mechanisms of the IDEA makes sense because to do otherwise "could result in potentially perpetual challenges to IEPs developed during the period of extension and additional awards of compensatory education," which "could result in many more years of eligibility than intended." The SRO described a compensatory education award as "an election of remedies . . . subject only to further modification in judicial review, and the parent must be viewed as having assumed the risk that unforeseen future events could render the relief undesirable.  As such, the parent would not be allowed to return to the due process hearing system to allege new faults by the district during the period of the student's extended eligibility."

**B.      K.T. Does Not Retain Statutory Rights Under the IDEA.**

As explained above, Plaintiff has two separate avenues to obtain and enforce continued educational benefits after the usual age of eligibility -- under the statutory framework of the IDEA or under the compensatory education award of the 2021 FOFD.  Plaintiff can no longer proceed on the former path; K.T. has not retained his statutory rights under the IDEA, including rights to obtain a FAPE or pursue a due process complaint to challenge violations of the IDEA. K.T. no longer has these rights because he has aged out of eligibility, and neither Chapter 223

nor the 2021 FOFD extends his eligibility.  These issues are decided de novo as they raise

questions of law.  *See C.S.*, 990 F.3d at 165.

### 1.   K.T. Is No Longer Eligible Under the IDEA.

As described above, the IDEA grants the right to a FAPE to students through age twenty-

one.  *See* 20 U.S.C. § 1412(a)(1)(A).  New York law provides for IDEA eligibility through the

end of a school year in which a student turns twenty-one.  *See* N.Y. Educ. Law § 4402(5).  K.T.

had his twenty-first birthday during the 2021-2022 school year.  Therefore, the IDEA no longer

provides him the right to a FAPE and related statutory benefits for the 2022-2023 school year.

### 2.   Chapter 223 Does Not Extend K.T.'s Statutory Eligibility.

The plain language of Chapter 223 does not require the DOE to provide services to K.T.

beyond age twenty-one.  Chapter 223 states:

> Notwithstanding any provision of law, rule, or regulation to the contrary, a school
> district may provide educational services in the 2022-23 school year to a student
> who turned twenty-one years old during the 2021-22 school year and was enrolled
> in the school district and receiving special education services pursuant to an
> individualized education program.  Such Student may continue to receive such
> educational services until the Student completes the services pursuant to the
> individualized education program or turns twenty-three years old, whichever is
> sooner.

L. 2022, Ch. 223.  Chapter 223 is permissive, not prescriptive.  It states that "a school district

*may* provide educational services" to students over age twenty-one.  *Id.* (emphasis added).

"[T]he word 'may' means 'has permission to.'"  *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th

163, 177 (2d Cir. 2022) (quoting Merriam-Webster Unabridged Dictionary); *cf., e.g.*, *Biden v.*

*Texas*, 597 U.S. 785, 807 (2022) ("We merely hold that section 1225(b)(2)(C) means what it

says: 'may' means 'may,' and the [Immigration and Nationality Act] itself does not require the

Secretary to continue exercising his discretionary authority under these circumstances.").

Chapter 223 gives the DOE discretion to provide extended services but does not require the DOE to do so.

Plaintiff argues that the word "may" permits parents to ask that their child's eligibility be extended but, upon request, the DOE must provide the services. This argument is unpersuasive. Nothing in the permissive language of Chapter 223 cabins the discretionary authority of the school district or references the parents of eligible children. The statute enables the DOE in its discretion to decline to provide extended services, which the DOE did in this case.

### 3. 2021 FOFD Does Not Extend K.T.'s Statutory Eligibility.

Plaintiff argues that the 2021 FOFD extended K.T.'s right to a FAPE -- and the benefits that flow from it under the IDEA -- beyond age twenty-one. The 2021 FOFD did not extend K.T.'s statutory right to a FAPE under the IDEA; rather, the 2021 FOFD provided K.T. with a compensatory education award not to exceed three school years, and any necessary changes to his IEP.

The 2021 FOFD did not extend Plaintiff's statutory rights to a FAPE and to file a due process claim for failure to provide that FAPE. The IHO decision did not order the district to engage in the activities to which students under twenty-one could exercise a statutory right -- i.e., convene a Committee on Special Education ("CSE") or continue to develop new IEPs. Rather, it directed the creation of an IEE and that K.T.'s year(s) of compensatory education to be determined and implemented according to that IEE.

Plaintiff argues that Defendants' actions "constructively and/or implicitly authorized" K.T. to a FAPE beyond twenty-one. Specifically, Plaintiff argues that Defendants knew that K.T. had turned twenty-one but held a CSE meeting, completed two IEPs for the 2022-23 school year, provided Plaintiff with prior written notice and a school location letter for the first IEP and

never advised Plaintiff that they would not be providing K.T. with educational services for the

2022-23 school year.  However, these facts are insufficient to show that the DOE elected to

provide K.T. with full statutory rights under the IDEA.  Because the IHO decision did not extend

Plaintiff's statutory rights to a FAPE beyond age twenty-one, Plaintiff cannot file a due process

complaint alleging failure to provide a FAPE, as Plaintiff attempted to do here.

### C.  Plaintiff Can Enforce K.T.'s Compensatory Education Award.

Although Plaintiff does not have the right to pursue a due process complaint, she may

seek to enforce the 2021 FOFD's compensatory education award.  The parties do not dispute that

the 2021 FOFD granted K.T. a compensatory education, pursuant to the IEE.  But the IHO and

SRO agreed that they have no jurisdiction to enforce the award because it is a decision by

another IHO.  The IHO and SRO also agreed that Plaintiff properly can seek to enforce the 2021

FOFD "in a forum with authority to enforce the IHO's decision."  Accordingly, Plaintiff is

granted leave to amend the Complaint to seek enforcement of the 2021 FOFD in this action.

The SRO correctly suggested that the proper forum for Plaintiff to enforce the 2021

FOFD is in court, citing *A.R. v. N.Y.C. Department of Education*, 407 F.3d 65, 76, 78 n.13 (2d

Cir. 2005).  In *A.R.*, the DOE argued that an IHO lacked jurisdiction to enforce the terms of a

settlement agreement memorialized in a past IHO order and therefore a plaintiff could not be

considered a "prevailing party," who is entitled to receive attorneys' fees.  *Id.*  The Second

Circuit explained that "the fact that the IHOs, as is common in administrative procedures, have

no enforcement mechanism of their own is irrelevant, at least so long as judicial enforcement is

available."  *Id.*  A right created by a prior IHO order -- here the terms of a compensatory

education award rather than the terms of a settlement agreement -- is enforceable in court, even if

the IHOs have no enforcement mechanism of their own.

Because K.T. has a right to the compensatory education award created by the 2021 FOFD, granting leave to amend to enforce the award is the appropriate remedy here. Federal Rule of Civil Procedure 15 requires that a court "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In any action brought under the IDEA, the court "shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(iii). "The only restriction is that the relief is to be appropriate in light of the purpose of the Act. Equitable considerations are relevant in fashioning relief and the court enjoys broad discretion in so doing. An award of damages is not available, but a court may award various forms of retroactive and prospective equitable relief, including reimbursement of tuition, compensatory education, and other declaratory and injunctive remedies." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 454 (2d Cir. 2015).

The 2021 FOFD found that the DOE had committed gross violations of K.T.'s right to a FAPE under the IDEA and ordered compensatory education as equitable relief for those gross violations. Plaintiff's due process complaint in substance sought the proper relief -- enforcement of the rights created by the 2021 FOFD -- but was not the correct procedural mechanism to do so. Permitting Plaintiff to remedy the procedural vehicle to vindicate these rights aligns with the purposes of the IDEA and the directives for providing relief under the statute.

## IV.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **GRANTED IN PART,** except to the extent it seeks to prevent Plaintiff from vindicating K.T.'s right to the compensatory education award.  Plaintiff's motion for summary judgment is **DENIED IN PART**, except Plaintiff is **GRANTED** leave to amend the Complaint to seek enforcement of the 2021 FOFD.  Plaintiff shall file an amended complaint by April 19, 2024.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 19 and 27.

Dated: March 29, 2024
       New York, New York

                              _____
                              **LORNA G. SCHOFIELD**
                              **UNITED STATES DISTRICT JUDGE**