```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KELLY TOBUCK,                                                 :
                                                              :
                                  Plaintiff,                  :    23 Civ. 1356 (LGS)
                -against-                                     :
                                                              :    OPINION & ORDER
DAVID C. BANKS et al.,                                        :
                                                              :
                                  Defendants.                 :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Kelly Tobuck brings this action under the Disabilities Education Act ("IDEA") on behalf of herself and her child, K.T., against Defendants the New York City Department of Education ("DOE") and David C. Banks, in his official capacity as Chancellor of the DOE. Plaintiff seeks to enforce the Findings of Fact and Decision ("FOFD") issued by an Impartial Hearing Officer ("IHO") on July 19, 2021, granting K.T. compensatory education, including tuition and transportation costs. The parties filed cross-motions for summary judgment disputing Defendants' obligation to pay or reimburse K.T.'s tuition and transportation expenses. For the following reasons, summary judgment is granted to Plaintiff and denied to Defendants.

I.     BACKGROUND

       A.     Factual Background

Familiarity with the underlying facts and legal framework is assumed. *See Tobuck v. Banks*, No. 23 Civ. 1356, 2024 WL 1349693 (S.D.N.Y. Mar. 29, 2024) (granting summary judgment to Defendants in part and granting Plaintiff leave to amend the complaint). The following facts are undisputed and taken from the parties' Rule 56.1 Statements, the administrative record and documents attached to the First Amended Complaint.

K.T. is a student with multiple disabilities under the IDEA. He is diagnosed with cerebral palsy, a seizure disorder, an intellectual disability and visual deficits. These diagnoses adversely impact K.T.'s educational performance. K.T. had his twenty-first birthday during the 2021-2022 school year.

1. **The 2021 FOFD**

In August 2020 and April 2021, Plaintiff filed due process complaints alleging that the DOE had denied K.T. a FAPE from the beginning of the 2018-2019 school year to the time of the administrative proceeding in 2021. The complaints sought an order that (1) places K.T. at iBRAIN, a private school, (2) reimburses Plaintiff for tuition already paid, door to door special transportation to and from iBRAIN and a 1:1 paraprofessional, (3) directs an independent evaluation for K.T., (4) requires assisted technology and communication devices for K.T. and reimburses Plaintiff for costs associated with such devices, (5) extends K.T.'s eligibility under the IDEA to the age of twenty-four and (6) grants compensatory education for three years.

On July 19, 2021, IHO James Polk issued an FOFD (the "2021 FOFD"). The 2021 FOFD grants most of Plaintiff's requested relief. It holds that K.T.'s placement at iBRAIN is proper. It orders Defendants to reimburse and fund (1) K.T.'s tuition for the 2020-2021 school year, (2) the assisted technology and communication devices necessary for K.T. to access the curriculum at iBRAIN and (3) suitable transportation for K.T. to attend iBRAIN including a 1:1 paraprofessional for the 2020-2021 school year. The 2021 FOFD does not extend K.T.'s IDEA eligibility to the age of twenty-four.

In particular, the 2021 FOFD awards K.T. compensatory education due to Defendants' "gross violations" of the IDEA. In reaching this conclusion, IHO Polk observed what he called "a grim picture." K.T. had been placed in a group with other children whose disabilities did not

2

match his own, causing him to regress.  K.T. had not been provided with assisted mobility or communication devices and could not vocalize basic discomforts or misunderstandings to his educators.  IHO Polk concluded that, "It is very simple to determine that these are 'gross violations' of the IDEA and that K.T. is eligible for compensatory services beyond the age of twenty-one."

The 2021 FOFD does not specify the "amount of compensatory education" because the record lacked information "about the precise types of education services . . . [the student] needs to progress."  The sole expert witness could not testify definitively how much compensatory education would be necessary without a further evaluation.  IHO Polk noted Plaintiff's request for three years of compensatory education, but determined that "a more balanced and nuanced approach is warranted."  The 2021 FOFD required that K.T. have an independent educational evaluation conducted by a professional of Plaintiff's choosing to determine the extent of compensatory education K.T. is entitled to receive, and ordered that K.T. receive compensatory education as determined by the evaluation, not to exceed three years.  Defendants did not appeal the 2021 FOFD.

        2.       **The Evaluation**

In the fourth quarter of 2021, Dr. Isabel A. Rodríguez, a neuropsychologist Plaintiff engaged, conducted an evaluation of K.T.  Her evaluation recommends that K.T. "should remain in his current special educational setting at iBrain for the remainder of his education **(i.e. the full three-years of compensatory education awarded by [the IHO in the 2021 FOFD])**" and detailed other specific services as part of an IEP twelve-month educational plan (emphasis in original).  The evaluation also recommends "the highest amount of hours possible of one-to-one related services . . . of Occupational Therapy, Physical Therapy, Vision Therapy, Speech and

Language Therapy and Assisted Technology weaved throughout [K.T.'s] curriculum" and "a paraprofessional assigned to work with [K.T.] throughout the entire school day." The evaluation does not mention transportation.

### B.    Procedural History

On March 29, 2024, this Court granted summary judgment to Defendants in part, finding that K.T. does not retain statutory rights under the IDEA, including rights to obtain a FAPE or pursue a due process complaint to challenge violations of the IDEA. *Tobucks*, 2024 WL 1349693, at *5. With leave of the Court, Plaintiff amended her complaint on April 19, 2024, and added her claim to enforce the 2021 FOFD. The parties cross-moved for summary judgment.

## II.    STANDARD

### A.    Summary Judgment

As a threshold matter, the usual summary judgment standard, not the one commonly applied in IDEA actions, applies here. Courts generally evaluate motions for summary judgment in IDEA actions as an appeal from an administrative determination. *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 329 n.2 (2d Cir. 2024). Here, Plaintiff is not appealing an unfavorable administrative decision but instead is seeking to enforce a favorable FOFD under 42 U.S.C. § 1983. *See Zimmerman v. Banks*, No. 23 Civ. 9003, 2024 WL 4882370, at *3 (S.D.N.Y. Nov. 25, 2024) (applying the usual summary judgment standard in a similar enforcement action).

Summary judgment is appropriate where the record establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 16 (2d Cir. 2021). "In evaluating a motion for summary judgment, [courts] resolve all ambiguities and draw

all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.* On cross-motions for summary judgment, "the court evaluates each party's motion on its own merits, and all reasonable inferences are drawn against the party whose motion is under consideration." *Roberts v. Genting N.Y. LLC*, 68 F.4th 81, 88 (2d Cir. 2023).

### B. Enforcement of Administrative Decisions

In considering the scope of IDEA administrative orders, courts apply principles of contract interpretation. *Zimmerman*, 2024 WL 4882370, at *4; *see Streck v. Bd. of Educ. of the E. Greenbush Cent. Sch. Dist.*, 408 F. App'x 411, 414 (2d Cir. 2010) (summary order). Under New York law, "a contract is not ambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion." *In re Viking Pump, Inc.*, 52 N.E.3d 1144, 1151 (N.Y. 2016); *accord Associated Indus. Ins. Co., Inc. v. Sentinel Ins. Co., Ltd.*, No. 23 Civ. 10400, 2025 WL 1685290, at *6 (S.D.N.Y. June 16, 2025) (New York law). "[P]rovisions are not ambiguous merely because the parties interpret them differently." *Universal Am. Corp. v. Nat'l Union Fire Ins. Co.*, 37 N.E.3d 78, 80 (N.Y. 2015); *accord Giray v. Ulukaya*, 139 N.Y.S.3d 826, 826 (1st Dep't 2021).

Interpretation of an administrative decision is a question of law. *See Streck*, 408 F. App'x at 414; *cf. Donohue v. Cuomo*, 184 N.E.3d 860, 867 (N.Y. 2022) ("Determining whether a contract is ambiguous is an issue of law for the courts to decide."). Where the only disputed issues are questions of law, these questions "present nothing for trial and are appropriately resolved on a motion for summary judgment." *Zimmerman*, 2024 WL 4882370, at *3.

5

## III.     DISCUSSION

Plaintiffs seek an order directing "Defendants to directly fund/reimburse the costs of the past three school years of K.T.'s private educational program at . . . iBRAIN[] -- including tuition, related services, including special transportation, and Assitive Technology." Defendants cross-move in opposition. The parties agree that the 2021 FOFD controls the scope of the compensatory education award but dispute whether it covers K.T.'s tuition and transportation costs. Defendants conceded in their reply that the compensatory education award, if granted, would include "occupational therapy, physical therapy, vision therapy, speech and language therapy, as well as assistive technology."

### A.     Tuition

Summary judgment is granted to Plaintiff and denied to Defendants on the issue of whether Plaintiff is entitled to payment or reimbursement for tuition because the 2021 FOFD awards it. The 2021 FOFD is unambiguous on its face. It states that K.T. "shall have an[] Independent Educational Evaluation conducted by a professional of the Parent's choosing to determine . . . the extent of Compensatory Education [K.T.] is to receive to be paid for by [DOE]." The 2021 FOFD further orders that K.T. "is to receive Compensatory Education in an amount to be determined by an Independent Educational Evaluation but not to exceed three (3) school years and such education is to extend past the age of twenty-one (21) if necessary." The 2021 FOFD thus delegates the determination of the amount of compensatory education to Plaintiff's selected professional. Pursuant to the 2021 FOFD, Plaintiff engaged Dr. Rodríguez, who recommended that K.T. remain at iBRAIN for three years, with relevant services, paraprofessional support and assistive technology devices. Pursuant to the 2021 FOFD, K.T. is entitled to what was recommended -- three years of placement at iBRAIN, including the

"relevant services, paraprofessional support and assistive technology devices" -- to be paid by Defendants either by reimbursing Plaintiffs and/or paying outstanding amounts directly to iBrain.

Relying principally on out-of-circuit authority, Defendants argue that Plaintiff is not entitled to tuition because it is a distinct form of remedy from compensatory education and thus cannot be part of an award. This argument contradicts *Streck*, which granted both retrospective tuition reimbursement and prospective compensatory education that included payment and/or reimbursement of tuition. *See Streck*, 408 F. App'x at 415. In any event, Plaintiff has aged out of the IDEA and is no longer eligible for the tuition remedy for students who unilaterally enrolled in private schools. *See* 20 U.S.C. §§ 1412(a)(10)(C); 1412(a)(1)(A). The presence of a separate, unavailable remedy does not foreclose Plaintiff from obtaining compensatory education, an integral part of which is tuition.

Defendants further urge this Court to discount Dr. Rodríguez's evaluation because it did not achieve IHO Polk's objectives of "balance[] and nuance[]." This argument is unpersuasive. The 2021 FOFD did not rule out a three-year compensatory education award. It declined to adopt Plaintiff's three-year proposal upon a limited record and ordered a professional evaluation for additional facts to form the basis of the compensatory education award. Dr. Rodríguez's evaluation accomplished that. She reviewed K.T.'s records, conducted interviews and administered tests, and concluded that K.T. should remain at iBRAIN for three years. There is no reason to depart from the 2021 FOFD's directive to follow the evaluation's recommendation in granting compensatory education.

### B.  Transportation

Summary judgment is granted to Plaintiff and denied to Defendants on the issue of whether Plaintiff is entitled to payment or reimbursement for transportation costs because the

2021 FOFD awards them.  The 2021 FOFD is unambiguous on its face and explicitly awards transportation expenses.  It states that "[DOE] shall immediately arrange and fund and/or reimburse [Plaintiff] the cost of *suitable transportation* for [K.T.] to attend the PRIVATE SCHOOL including a 1:1 paraprofessional for the 2020-2021 school year."  (Emphasis added.)  Pursuant to the 2021 FOFD, K.T. is entitled to what was recommended -- suitable transportation to attend iBrain -- to be paid by Defendants either directly or by reimbursing Plaintiff for the cost.

Defendants argue that Plaintiff is not entitled to transportation costs because Dr. Rodríguez's evaluation did not mention transportation.  Defendants argue that the omission is salient because the evaluation otherwise took a "shoot for the moon" approach, and the 2021 FOFD orders that Dr. Rodríguez's recommendation will determine Plaintiff's compensatory education award.

That argument is unpersuasive.  The 2021 FOFD orders an independent educational evaluation "to determine what if any changes must be made to [K.T.]'s IEP as well as the extent of Compensatory Education he is to receive paid for by [DOE]."  K.T. would then "receive Compensatory Education in an amount to be determined by [the evaluation] . . . ."  Those orders in the 2021 FOFD are distinct from the explicit order for payment of transportation costs.  There is no reason to depart from the 2021 FOFD's directive to grant transportation costs.

## IV.   CONCLUSION

For the foregoing reasons, summary judgment is granted to Plaintiff and denied to Defendants.  Plaintiff is entitled to tuition and transportation costs.  Plaintiff is also entitled to services and assistive technology, which is uncontested.

By **September 29, 2025**, Plaintiff shall submit an application for itemized costs, including documents supporting the motion. DOE shall file its response, if any, by **October 20, 2025**.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 44 and 48.

Dated: September 8, 2025
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**